| | |
|---|---|
| KIMBERLI LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| EQUITY EXPERTS.ORG, LLC. | ) ) ) |
| Defendant. | ) ) |

This matter comes before the court on the motion by defendant Equity Experts.Org, LLC ("defendant") to seal [DE-54] proposed sealed Exhibit 4 ("Exhibit 4") [DE-47] and proposed sealed Exhibit 6 ("Exhibit 6") [DE-48][1] to plaintiff's memorandum in support [DE-50] of her motion to compel [DE-45]. Exhibit 4 [DE-47] contains 10 pages of business and non-public financial information, and Exhibit 6 [DE-48] contains 12 pages of customer information. Defendant's motion to seal is supported by a memorandum [DE-55] and made without opposition by plaintiff ([DE-55] at 4). For the reasons set forth below, the court will allow the motion.

## I. DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Stone*

---

[1] Defendant's motion to seal references "ECF 48, 49" in several places as the documents to be sealed (*see* [DE-54]), and the proposed order on the motion to seal references the sealing of "ECF 47 & 48" (*see* [DE-54-1]). The conclusion to defendant's brief in support of its unopposed motion to seal requests the sealing of "ECF 57 & 58." [DE-55] at 4. In light of (i) the fact that [DE-49] is a notice of filing of designated confidential material, and [DE-57] and [DE-58] are each documents filed subsequent to the instant motion to seal, and (ii) the fact that [DE-47] and [DE-48] are the only docket entries in the list that appear to represent the types of information described in defendant's memorandum in support of its motion to seal – the court construes the instant motion to seal as seeking to seal [DE-47] and [DE-48]. To the extent that defendant seeks for other docket entries to be sealed, it may file an additional motion so requesting.

*v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, the business and financial information spreadsheet relates to a motion to compel, and not a motion that seeks dispositive relief. Therefore, the right of access at issue arises under the common law. *See Covington v. Semones*, No. 7:06cv00614, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Here, Exhibit 4 consists of 10 pages of sensitive business and non-public financial information, and Exhibit 6 consists of 12 pages of customer information. This information was provided to plaintiff pursuant to its discovery production and marked as confidential pursuant to the protective order [DE-37] in this matter. The court agrees with defendant's argument ([DE-55] at 3-4) that the materials in Exhibits 4 and 6 are sensitive, nonpublic financial or business data, which may jeopardize defendant's economic position and business endeavors. *See Doe*, 749 F.3d at 269 ("A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records."). The court therefore finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the proposed sealed exhibits were filed on June 14, 2024. No opposition to the motion to seal [DE-54] has been filed by any party or non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the proposed sealed exhibits contain confidential business information as well as confidential customer information, the court finds that alternatives to sealing the transcript do not exist at the present time.

## II. CONCLUSION

For the foregoing reasons, defendant's unopposed motion to seal [DE-54] is GRANTED. The Clerk is DIRECTED to seal Exhibit 4 [DE-47] and Exhibit 6 [DE-48] in accordance with

Local Civil Rule 79.2, E.D.N.C., except as may otherwise in the future be ordered by the court.

SO ORDERED, this 23rd day of August, 2024.

_____
Brian S. Meyers
United States Magistrate Judge