IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-302-FL

KIMBERLI LEWIS, on behalf of herself and all others similarly situated,

    Plaintiffs,

v.

EQUITYEXPERTS.ORG, LLC.,

    Defendant.

**ORDER**

This matter comes before the court on plaintiff's motion to compel [DE-45]. In support of her motion, plaintiff filed a memorandum [DE-50], including exhibits [DE- 50-1 to -5], as well as two sealed exhibits [DE-47, -48]. Plaintiff's motion additionally requests sanctions for costs, including attorney's fees incurred in bringing the motion to compel. [DE-50] at 13. Defendant filed a response in opposition [DE-53], including exhibits [DE-53-1 to -3]. The court held a telephonic hearing on the motion to compel, *inter alia* [DE-67], on October 15, 2024 (the "telephonic hearing"), during which counsel for plaintiff and counsel for defendant were each heard regarding the status of the documents at issue in the motion to compel.

For the reasons set forth below, plaintiff's motion to compel [DE-45] is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

On August 4, 2022, this matter was removed from Wake County Superior Court to the Eastern District of North Carolina. [DE-1]. Plaintiff's complaint ([DE-1-2] at 4-34) asserts claims against defendant under the Fair Debt Collection Practices Act,15 U.S.C. § 1962, *et seq.* ("FDCPA"); the North Carolina Collection Agency Act, N.C.G.S. § 58-70, *et seq.* ("NCCAA");

the North Carolina Debt Collection Act ("NCDCA"), N.C.G.S. § 75-50, *et seq.*, the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, *et seq.*, ("UDTPA"); the North Carolina Planned Community Act, N.C.G.S. § 47-1-101, *et seq.* ("NCPCA"); and common law. *See* [DE-1-2] at 5.[1]

Defendant removed this case under 28 U.S.C. § 1331, because plaintiff asserts a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, which is a law of the United States for purposes of § 1331. [DE-1] at 1.

## II. MOTION TO COMPEL

Plaintiff alleges that at the onset of discovery, she requested defendant's: "(1) debt collection policies and procedures (the "policies and procedures"); and (2) communications with North Carolina homeowners' associations ("NC HOAs") regarding its debt collecting attempts utilizing lien enforcement and foreclosures (the "communications")." *See* [DE-50] at 1.

Specifically, in August 2023, plaintiff served initial discovery on defendant requesting information pertaining to its manuals, policies, procedures, and training materials related to the collection of debt from North Carolina homeowners. [DE-50] at 3. Defendant provided general breadth and burden arguments, but ultimately produced documents it held out to be responsive and complete. *Id.* Plaintiff alleges that at various depositions, including a discovery-specific deposition of defendant's 30(b)(6) corporate representative and general counsel, deponents referenced documents that were responsive to plaintiff's discovery requests that had allegedly not been produced. [DE-50] at 3. Specifically, plaintiff contends that three employees each testified during their respective depositions to the existence of specific documents pertaining to the training,

---

[1] This court dismissed plaintiff's common law unjust enrichment claims and claim under the UDTPA ([DE-25] at 5), when it granted in part and denied in part defendant's motion to dismiss [DE-16].

2

manuals, policies, and procedures related to defendant's collection of debt from North Carolina homeowners. [DE-50] at 6 (*cf., e.g.*, [DE-50-2] at 1; [DE-50-2] at 2, 7).

At the telephonic hearing, the undersigned clarified with counsel for both parties that the documents at issue for purposes of the instant motion are: (1) complete and unredacted copies of defendant's (a) "procedure manual" and (b) "compliance manual"; and (2) communications by defendant with NC HOAs. *See also* [DE-50] at 1, 6.

### A. Defendant's procedure manual

Defendant contends that it "has provided all 'Policies and Procedures' reduced to writing as to how it processes certain tasks or actions," to plaintiff. [DE-53] at 2 n.3. Despite references to a "procedure manual" during various depositions, defendant maintains that there is no "procedure manual" but rather amorphous set of procedures not reduced to writing. *Cf.* [DE-50] at 7. Defendant contends the parties discussed and resolved these matters as early as September 2023, and there is no "new" evidence to support the extension of the court's 30-day discovery dispute deadline. [DE-53] at 3.

Defendant represents that certain documents produced during depositions and otherwise were "not a part of any formal Policy and Procedure Manual, as evidenced by their informal appearance in contrast to other 'Policy' documents." [DE-53] at 2 n.3. At the telephonic hearing, defendant clarified that certain procedures were not reduced to writing, while various electronic documents were collectively considered to represent a "procedure manual" although they were not formally collated into a single compendium. For purposes of the instant order, the court will collectively refer to the electronic documents addressing defendant's procedures as the "procedure manual."

Plaintiff alleges that while she has received various procedure related documents, some of

3

these documents, including specifically a document responsive to North Carolina lien procedures, was redacted. [DE-50] at 6. Defendant explained at the telephonic hearing that such redactions were of information related to procedures in other states, and not applicable to North Carolina.

**B.     Defendant's compliance manual**

Unlike its procedure manual, defendant's compliance manual is one document, which counsel for defendant estimated at the telephonic hearing is 50 to 60 pages in length, in its entirety. Defendant notes that it "provided selections of its '[c]ompliance [m]anual' – and specifically the sections relative to the FDCPA" to plaintiff. [DE-53] at 2 n.3. While plaintiff acknowledges receipt of portions of a compliance manual, she notes that various pages were missing, and additional portions were redacted. *See* [DE-50] at 6. Defendant responds by explaining that "the redaction applies to policies of a different state – not North Carolina." [DE-53] at 2. Counsel for defendant also provided during the telephonic hearing that certain withheld portions were not relevant to the litigation, *e.g.*, defendant's late-to-work policy.

Defendant has "offered to provide [p]laintiff with the 'Table of Contents' of its compliance manual to determine if there would be other chapters of value to plaintiff," however plaintiff had allegedly not responded to this offer. *Id.*

**C.     Emails with NC HOAs**

Plaintiff also alleges that the depositions confirmed that there are communications between defendant and each NC HOA regarding the enforcement of liens and foreclosure and collection of debt. Plaintiff contends that defendant's 30(b)(6) deponent testified there is a list of contacts for each NC HOA and that she could search defendant's email database specific to only communications between herself, or the other employee responsible for communicating with the NC HOAs, and the contacts for the NC HOAs. [DE-50] at 7. Defendant does not deny that such

4

emails exist, but objects to their production as it would represent "at or above an additional one thousand documents, as they would pertain to years' worth of communication on some 500+ files and 75+ associations." [DE-53] at 4. Defendant notes that it is "a company of roughly 10 people, and that there [is] no easy way to get any of the information that [p]laintiff wants" as it requires "a very manual process" that would represent "a full-time project" of approximately 40 hours for one of defendant's employees. [DE-53] at 4, 6. Finally, defendant alleges that it informed plaintiff that it was willing to "perform a 'reasonable' number of searches with search terms" but that plaintiff "has also refused to provide search terms to [defendant] to lessen any burden of obtaining any of these informally requested materials." [DE-53] at 5.

### III. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26, 37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). In addition, Rule 37 requires that the moving party be awarded expenses when a

5

motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

## IV. DISCUSSION

As an initial matter, the court is persuaded by plaintiff's argument that she only became aware of the exact scope and nature of the discovery disputes discussed herein during various depositions that occurred during the course of the discovery period. Accordingly, the court does not find plaintiff's motion to compel to be untimely.

**A.     Defendant's procedure manual and compliance manual**

With respect to defendant's redactions of the procedure manual and compliance manual, the court notes that there is a protective order in this case that provides protections for confidential and sensitive materials. *See* [DE-37]. Plaintiff cites several persuasive authorities in its memorandum noting the general disfavor that many courts have expressed toward the redaction of non-privileged discovery documents despite the protections afforded by a protective order. [DE-50] at 9-10 (citing cases). Specifically, another court in this circuit has noted that "the Federal Rules provide no procedural device for unilateral redaction by a party and it is a procedure that is not favored." *David v. Alphin*, 2010 WL 1404722 at *8 (W.D.N.C. Mar. 30, 2010). Defendant has not cited any compelling legal authority to support its position that redactions of non-privileged information are appropriate in this case given the presence of a protective order.

Additionally, the court finds that information related to defendant's operations in other states is sufficiently relevant, even if only for comparison purposes, to fall within the broad scope of discovery set out in Rule 26. *See* Fed. R. Civ. Proc. 26(b).

6

Similarly, the court finds, especially in light of the brevity of the complete compliance manual, that the context provided by viewing the compliance manual in its entirety warrants a directive for defendant to produce the compliance manual for plaintiff in its complete and unredacted form.

Accordingly, plaintiff's motion with respect to complete[2] and unredacted[3] copies of defendant's (i) procedure manual (or the totality of documents functionally used as the procedure manual) and (ii) compliance manual is GRANTED. Within **fourteen (14) days** of the filing date of this order, plaintiff is DIRECTED to provide complete and unredacted[4] copies of defendant's (i) procedure manual (or the totality of documents functionally used as the procedure manual) and (ii) compliance manual.

**B.        Emails with NC HOAs**

While defendant objected to providing all of its emails with NC HOAs to plaintiff due to the allegedly burdensome nature of this request, it expressed a willingness to provide a subset of emails to plaintiff if the parties could agree on a defined scope and search terms. Plaintiff has not provided a satisfactory basis as to why certain limitations of scope or contents of emails would be inappropriate in this case.

Accordingly, plaintiff's motion to compel with respect to defendant's emails is GRANTED IN PART. Specifically, within **seven (7) days** of the filing date of this order, defendant shall provide to plaintiff a list of all of defendant's current and former employees who have sent emails

---

[2] For the avoidance of doubt, to the extent that any written procedures constitute portions of larger electronic documents, defendant is directed to produce unredacted copies of the entire electronic document from which such procedures originate.

[3] All directives herein related to "unredacted" documents do not supersede defendant's right to withhold privileged information pursuant to a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A).

[4] All directives herein related to "unredacted" documents do not supersede defendant's right to withhold privileged information pursuant to a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A).

to NC HOAs and a list of all of the NC HOAs who have received emails from defendant's current or former employees.  Within **fourteen (14) days** of the filing date of this order, plaintiff shall designate for defendant the names of **three (3)** of defendant's employees and **twenty-five (25)** of the NC HOAs, together with up to **fifteen (15)** requested search terms.  Within **thirty (30) days** of receiving the designated employee and NC HOA names and search terms, defendant SHALL provide to plaintiff all non-privileged emails between any of the three designated defendant employees and any of the twenty-five (25) designated NC HOAs that include any of the requested search terms.  Any emails withheld on the basis of privilege must be listed on a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A).

**C.     Attorney fees**

Plaintiff's motion additionally requests sanctions of costs, including attorney's fees incurred in bringing the motion to compel.  [DE-50] at 13.

The court notes that defendant's position in withholding certain, but not all, documents was substantially justified, as discussed above.  *See* Fed. R. Civ. Proc. 37(a)(5)(A)(ii).  Additionally, the court notes that defendant attempted to explore numerous compromises with plaintiff to resolve the issues discussed herein, including providing a table of contents with respect to the compliance manual and offering to perform a discrete number of searches with search terms, but that plaintiff does not appear to have meaningfully explored these options with defendant.  Accordingly, based on the circumstances, the court finds that an award of expenses would be unjust.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).  The court therefore declines to make any such award, and plaintiff shall bear its own expenses incurred in bringing its motion.

## V. CONCLUSION

For the reasons stated above, plaintiff's motion to compel [DE-45] is ALLOWED IN PART and DENIED IN PART with regard to the request for production, and DENIED with regard to the request for costs and attorney's fees. Accordingly, the court ORDERS as follows:

1. **Procedure manual and compliance manual.**

    Within **fourteen (14) days** of the filing date of this order, plaintiff SHALL provide complete and unredacted copies of defendant's (i) procedure manual (or the totality of documents functionally used as the procedure manual) and (ii) compliance manual.

2. **Emails with NC HOAs.**

    a. Within **seven (7) days** of the filing date of this order, defendant shall provide to plaintiff a list of all of defendant's current and former employees who have sent emails to NC HOAs and a list of all of the NC HOAs who have received emails from defendant's current or former employees.

    b. Within **fourteen (14) days** of the filing date of this order, plaintiff shall designate for defendant the names of **three (3)** of defendant's employees and **twenty-five (25)** of the NC HOAs, together with **fifteen (15)** requested search terms.

    c. Within **thirty (30) days** of receiving the designated employee and NC HOA names and search terms, defendant SHALL provide to plaintiff all non-privileged emails between any of the three designated defendant employees and any of the twenty-five (25) designated NC HOAs that include any of the requested search terms. Any emails withheld on the basis of privilege must be listed on a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A).

SO ORDERED, this 6th day of November, 2024.

Brian S. Meyers
United States Magistrate Judge