IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-302-FL

| | |
|---|---|
| KIMBERLI LEWIS on behalf of herself and others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EQUITYEXPERTS.ORG, LLC, )<br>)<br>Defendant. ) | ORDER |

This matter is before the court on the parties' joint motion for approval of class notice (DE 103).[1] The parties have agreed upon the following terms for the proposed class notice: 1) CPT Group will act as class administrator, and 2) the general format and language of the notice. The parties do not agree on the following terms: 1) whether the class is an "opt-out" or "opt-in" class, and 2) whether to create and include a class website. The parties therefore seek the court's approval of diverging proposed class notices attached to the motion. For the following reasons, the court grants the motion, and approves the notice substantially in the form proposed by plaintiff, with modifications specified herein.

A.  Opt-Out or Opt-In Class

Plaintiff proposes that the class be treated as an opt-out class, whereas defendant argues that an opt-in class is required, or that other mechanisms such as claims process or decertification

---

[1] Also pending, but not yet ripe, is defendant's August 6, 2025, motion for protective order regarding plaintiff's notice of deposition under Federal Rule of Civil Procedure 30(b)(6) (DE 104), which motion will be addressed by separate order.

are required. Plaintiff's approach is warranted under the circumstances of this case for the following reasons.

"For any class certified under Rule 23(b)(3)," such as the instant class, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "The notice must clearly and concisely state in plain, easily understood language:"

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) <u>that the court will exclude from the class any member who requests exclusion</u>;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

<u>Id.</u> (emphasis added). Under the terms of this rule, a class is to be an "opt-out" class, because it provides for exclusion by any member who "requests exclusion." <u>Id.</u> Because there is no requirement for putative class members to "request inclusion," it is not an "opt-in" class.

This approach is supported also by case law. In <u>Phillips Petroleum Co. v. Shutts</u>, 472 U.S. 797 (1985), the United States Supreme Court recognized that "due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." <u>Id.</u> at 812. The court rejected the class action defendant's "contention that the Due Process Clause of the Fourteenth Amendment requires that absent plaintiffs affirmatively 'opt in' to the class, rather than be deemed members of the class if they do not 'opt out.'" <u>Id.</u> "Requiring a plaintiff to affirmatively

2

request inclusion would probably impede the prosecution of those class actions involving an aggregation of small individual claims, where a large number of claims are required to make it economical to bring suit." Id. at 812-813. The court also recognized the "obvious advantages in judicial efficiency resulting from the 'opt out' approach." Id. at 814. An opt-out approach, rather than an opt-in approach thus is appropriate under the circumstances of this case.

Defendant argues that an opt-in requirement should be included in the notice, or that other mechanisms such as a claims process or decertification are required, because plaintiff cannot uniformly establish causation between the allegedly defective notice of lien letter and any damages. Defendant presents three examples where it contends there is a lack of connection between the lien letter and payments made, as well as other issues bearing on the merits of plaintiff's claims. These issues, however, more properly are raised upon a more complete record, through a summary judgment motion, or through a class decertification motion filed after the close of discovery independently or in conjunction with a summary judgment motion. See, e.g., Minter v. Wells Fargo Bank, N.A., 762 F.3d 339, 344 (4th Cir. 2014) (noting district court partially decertified class based on motion filed after summary judgment motion). The instant presentation of only part of the issues bearing on the potential viability of claims of class members, on a partial record, where the court has already twice addressed class certification, is not helpful for a just and efficient adjudication of the matter in accordance with the Federal Rules of Civil Procedure and applicable law.

In addition, defendant has not demonstrated that the issues presented justify treating the class as an "opt-in" class, or using a claims form, as opposed to the usual "opt-out" class provided for under Federal Rule of Civil Procedure 23(b)(3). Defendant cites no authority for adopting such an approach to class notice under the circumstances presented. Therefore, the court approves that

3

part of plaintiff's notice proposing an opt-out approach, and the court declines to adopt the opt-in or other alternative approaches proposed by defendant.

B. Class Website

Plaintiff proposes to include in the notice a "class website" address for "[a]dditional information regarding this lawsuit, including a copy of the Amended Complaint, Class Certification Order, and Order on Motion for Reconsideration." (Pl's Prop. Notice (DE 103-1) at 3). Defendant objects to the use of a website for class notice in this manner. The court agrees with plaintiff that including a class website in the notice is appropriate, subject to the limitations set forth herein.

Although the United States Court of Appeals for the Fourth Circuit has not addressed the use of a class website, district courts in this circuit have used class action websites to facilitate notice. For example, in Hodge v. N. Carolina Dep't of Adult Correction, No. 5:19-CV-478-D, 2024 WL 1309169 (E.D.N.C. Mar. 27, 2024), the court approved a notice procedure under which a class administrator was to "cause [a] Postcard Notice. . . . to be mailed via first-class mail, postage prepaid, and emailed to all potential Class members," and then to "establish a website for the Action from which Class members may download copies of the Long-Form Notice, . . . the operative Complaint; the Court's order certifying the Class; and this Notice Order." Id. at *1. In In Re Zetia (Ezetimibe) Antitrust Litig., No. 2:18-MD-2836, 2022 WL 3337794, at *6 (E.D. Va. Feb. 9, 2022), the court approved a "banner advertisement invit[ing] viewers to visit the class action website (InReZetiaAntitrustLitigation.com) to learn more," including a "Long Form Notice." Id. at *6.

Defendant argues a website is not appropriate because of "[p]laintiff's counsel's prior . . . publication of defamatory material about Defendant, such as through" its law firm website. To

4

address this concern, the court does not approve a class website as part of plaintiff's counsel's law firm website. Rather, the class website must be independently created by the class administrator, CPT Group, and it must have a website address that does not include the website address of plaintiff's counsel's law firm.

Defendant also argues that there is no framework in place to ensure "Independent oversight or moderation," "Balanced or Court-approved content," "Logging or tracking of visitor engagement or opt-out activity," or "Protection against prejudicial or inflammatory statements." (Joint Notice (DE 103) at 12). The court addresses such concerns by imposing, now, limitations on the contents of the website. Consistent with plaintiff's proposed notice, the class website shall be limited to including the notice itself, in its final form as approved herein, as well as "a copy of the Amended Complaint, Class Certification Order, and Order on Motion for Reconsideration." (Pl's Prop. Notice (DE 103-1) at 3). The class website shall also include a copy of the instant order. In other words, the class website shall only include the information contained in the notice itself, in its final form as approved herein, as well as the foregoing documents specified, but no additional commentary or description of the lawsuit beyond what is already in the class notice.

Presently, plaintiff's proposed class notice includes a placeholder for inserting the website address of the class website. (See id. (specifying "class website at www.XXXXX.com")). Plaintiff shall finalize the class notice to insert the website address of the class website to be set up by the class administrator as herein specified.

Finally, use of a class website does not, in itself, complete the requirements for "individual notice" to potential class members. Fed. R. Civ. P. Rule 23(c)(2)(B); see Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 175 (1974) ("[I]ndividual notice must be provided to those class members who are identifiable through reasonable effort."); see, e.g., Hodge, 2024 WL 1309169. Rather,

5

plaintiff also must transmit the class notice to each potential class member within the definition of the certified class. Because such means of individual notice is not set forth in the parties' joint status report, the court directs the parties to file an additional status report, within 14 days of the date of this order attaching the class action notice in its final form, in accordance with the instructions herein, and specifying the means of individual notice employed or to be employed.

## CONCLUSION

Based on the foregoing, the parties' joint motion for approval of class notice (DE 103) is GRANTED, subject to the conditions set forth herein. The court APPROVES the notice substantially in the form proposed by plaintiff, with modifications specified herein. The parties are DIRECTED to file, within 14 days of the date of this order, a joint notice attaching the class action notice in its final form, in accordance with the instructions herein, and specifying the means of individual notice employed or to be employed.

SO ORDERED, this the 7th day of August, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge

6

Case 5:22-cv-00302-FL-BM    Document 106    Filed 08/07/25    Page 6 of 6